# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
DISTRICT COURT DEPARTMENT

NORFOLK, SS.

DOCKET NO.: 2055CV000188

VANESSA F. JEAN,
        Plaintiff,

v.

GIANFRANCO C. OLIVER,
BEATRICE N. BENJAMIN, and SML,
CORP., d/b/a SALLIE MAE BANK, by and
through its Chief Executive Officer,
JONATHAN W. WITTER,
        Defendants.

**VERIFIED COMPLAINT**

## STATEMENT OF CASE

NOW COMES, the Plaintiff, Vanessa F. Jean, seeking damages and equitable relief against the Defendants, Gianfranco C. Oliver and Beatrice B. Benjamin for fraud, negligent misrepresentation, intentional misrepresentation, and unjust enrichment and quantum meruit, as well as declaratory judgment against the Defendants, Gianfranco C. Oliver, Beatrice B. Benjamin, and Sallie Mae Bank, seeking an order of Court declaring that the promissory note, executed October 20, 2016, was the result of fraud as to the Plaintiff, is null and void as to the Plaintiff, and is rescinded as to the Plaintiff.

## PARTIES

1. The Plaintiff, Vanessa F. Jean ("Plaintiff" or "Ms. Jean"), is an individual with a last and usual address of 735 Randolph Street, Apartment 9C, Canton, Norfolk County, Massachusetts.

2. The Defendant, Gianfranco C. Oliver ("Defendant" or "Mr. Oliver"), is an individual with a last and usual address of 9 Loundsbury Avenue, Norwalk, Fairfield County, Connecticut.

3. The Defendant, Beatrice N. Benjamin ("Defendant" or "Ms. Benjamin"), is an individual with a last and usual address of 2 Oakfield Road, Norwalk, Fairfield County, Connecticut.

4. The Defendant, SLM Corp. d/b/a Sallie Mae Bank, by any through its Chief Executive Officer, Jonathan W Witter ("Defendant" or "Lender") is a foreign financial services corporation with a principal office of business located at 300 Continental Drive, Newark, New Castle County, Delaware.

## FACTS

5. From in or around the mid-2000s to September 2017, the Plaintiff was a close friend of the Defendant, Ms. Benjamin.

6. Ms. Benjamin is the mother of the Defendant, Ms. Oliver.

7. Upon information and belief, over the course of the Plaintiff and Ms. Benjamin's friendship, Ms. Benjamin became aware of and had knowledge of the Plaintiff's personal/confidential information, including, but not limited to, her address, occupation, salary/wages, place of employment, date of birth, and social security number.

8. In or around Fall 2016, Ms. Benjamin advised the Plaintiff that Mr. Oliver was applying for admission to International Culinary Center ("ICC") located in New York City, New York.

9. Ms. Benjamin further advised the Plaintiff that as part of the application process, ICC required applicants to provide personal references and asked the Plaintiff if Mr. Oliver could use the Plaintiff's personal/confidential for the same.

10. In or around Fall 2016, the Plaintiff agreed to allow Ms. Benjamin and Mr. Oliver to her personal/confidential information for sole and exclusive purpose of providing ICC with a personal reference for Mr. Oliver.

11. Ms. Benjamin or Mr. Oliver never informed the Plaintiff that Mr. Oliver would be also applying for a private student loan to pay for Mr. Oliver's ICC tuition and costs and the Plaintiff never agreed to any involvement, of any nature or kind, with Mr. Oliver's application for a private student loan to pay for Mr. Oliver's ICC tuition and costs.

12. In or around Fall 2016, Mr. Oliver knowingly and deliberately—without the Plaintiff's knowledge or consent—completed a student loan application ("Application"), via the internet, with SML Corp. d/b/a Salle Mae ("Lender").

13. Upon information and belief, Mr. Oliver did not qualify for a private student loan individually and Lender informed him that he required a co-signer.

14. Upon information and belief, Ms. Benjamin knowingly and deliberately—without the Plaintiff's knowledge or consent—provided the Plaintiff's personal/confidential information to Mr. Oliver for the purposes of Mr. Oliver completing the Application, specifically the co-signer portion thereof, using the Plaintiff's personal information

15. Accordingly, in or around Fall 2016, Mr. Oliver and/or Ms. Benjamin knowingly and deliberately—without the Plaintiff's knowledge or consent—completed the Application, specifically the co-signer portion thereof, using the Plaintiff's personal/confidential information.

16. Ms. Benjamin or Mr. Oliver never informed the Plaintiff that Mr. Oliver and/or Ms. Benjamin would, or did, use the Plaintiff's personal/confidential information for the purpose of obtaining a private student loan from Lender nor did the Plaintiff ever agree to allow Mr.

Oliver to use the Plaintiff's personal information for the purpose of obtaining a private student loan from Lender or any other financial institution or lender.

17. At the time Mr. Oliver and/or Ms. Benjamin completed the Application, specifically the co-signer portion thereof, using the Plaintiff's personal/confidential information, Mr. Oliver and/or Ms. Benjamin knew that the Plaintiff never agreed to allow Mr. Oliver and/or Ms. Benjamin to use her personal/confidential information but did no anyway.

18. In or around October 2016, the Lender approved the Application that Mr. Oliver completed using the Plaintiff's personal/confidential information, specifically the co-signer portion thereof.

19. On or about October 20, 2016, Mr. Oliver knowingly and . deliberately—without the Plaintiff's knowledge or consent—executed a promissory note ("Note") for a private student loan (the "Loan"), via the internet, whereby Mr. Oliver and/or Ms. Benjamin fraudulently electronically signed the Plaintiff's name thereto as a co-signer thereof **(a true and accurate copy of the Note is attached hereto as Exhibit "A").**

20. Ms. Benjamin or Mr. Oliver never informed the Plaintiff that Mr. Oliver executed the Note for the Loan whereby Mr. Oliver electronically signed the Plaintiff's name thereto as a co-signer thereof nor did the Plaintiff ever agree or give permission to Mr. Oliver to execute the Note for the Loan whereby Mr. Oliver and/or Ms. Benjamin electronically signed the Plaintiff's name thereto.

21. At the time Mr. Oliver and/or Ms. Benjamin executed the Note, specifically electronically signing the Plaintiff's name thereto, Mr. Oliver and/or Ms. Benjamin knew that the Plaintiff never agreed to allow Mr. Oliver and/or Ms. Benjamin to use her personal/confidential information but did no anyway.

22. Pursuant to the terms of the Note, the total Loan amount was $38,923.00 and the total Loan repayment amount was $84,596.95.

23. Further, pursuant to the terms of the Note, the co-signer (i.e., the Plaintiff) was/is individually responsible for repayment of the Loan.

24. In or around late 2016/early 2017, Lender provided payment to ICC for Mr. Oliver's tuition and cost thereat.

25. Pursuant to the terms of the Note, in or around December 2013, monthly repayments of the Loan began.

26. Upon information and belief, Ms. Benjamin or Mr. Oliver never provided any Lender with the Loan's monthly repayments.

27. In or around late summer 2017, the Plaintiff began receiving telephone calls/correspondences from Lender regarding the Loan.

28. As the Plaintiff had no knowledge of the Loan as she had never applied for loan with Lender, the Plaintiff did not understand why Lender was contacting her regarding the Loan.

29. On or about September 15, 2017, the Plaintiff contacted Lender telephonically to inquire as to why Lender was contacting her regarding the Loan.

30. During said telephone conversation, Lender confirmed for the Plaintiff that the Plaintiff's personal information had been used by Mr. Oliver and/or Ms. Benjamin for purpose of obtaining a private student loan and that she (i.e., the Plaintiff) was listed the Loan as a co-signer.

31. Upon receipt of confirmation from Lender that her personal information had been used by Mr. Oliver and/or Ms. Benjamin without her knowledge or consent to obtain the Loan, the

Plaintiff contacted the Police and filed a police report ("Report") regarding the same **(a true and accurate copy of the Report is attached hereto as Exhibit "B").**

32. Thereafter, in or around late September 2017, the Plaintiff contacted Ms. Benjamin to inquire as to how Lender obtained her personal/confidential information and why Ms. Benjamin and/or Mr. Oliver used personal/confidential information without her knowledge or consent.

33. In response, Ms. Benjamin apologized for the Plaintiff's inclusion on the Note and further advised that Plaintiff that she would contact Lender and remove her name from the Note.

34. Upon information and belief, Ms. Benjamin never contacted Lender.

35. Thereafter and continuing to date, the Plaintiff has attempted to resolve this matter with Lender.

36. To date, however, Lender has failed and refused to remove the Plaintiff's name from the Note and continues its collection activities against the Plaintiff pursuant thereto.

## COUNT I
### FRAUD

37. Paragraphs one through one hundred thirty-four are incorporated herein by reference.

38. Ms. Benjamin and Mr. Oliver made false representations and omissions of matters of material facts to the Plaintiff.

39. Ms. Benjamin and Mr. Oliver made knowing misrepresentations and omissions of matters of material fact to the Plaintiff as to their use of the Plaintiff's personal information for the purpose of Mr. Oliver obtaining the Loan.

40. Ms. Benjamin and Mr. Oliver made said misstatements and omissions of matters of material fact with knowledge of their falsity with the purpose of inducing the Plaintiff to rely on them.

41. The Plaintiff relied upon said misrepresentations and omissions as being true and acted upon it to her damage.

42. As a direct and proximate result of Ms. Benjamin and Mr. Oliver's fraud, the Plaintiff has suffered, and continues to suffer significant financial injury.

**WHEREFORE**, as to Count I, Plaintiff seeks monetary damages in an amount to be determined at trial, plus post judgment statutory interest from date to judgment and continuing, reimbursement for Plaintiff's court costs, sheriff's fees and reasonable attorney fees.

## COUNT II
### INTENTIONAL MISREPRESENTATION

43. Paragraphs one through one hundred twenty-nine are incorporated herein by reference.

44. Ms. Benjamin and Mr. Oliver intentionally and/or recklessly made misstatements and omissions of existing material facts.

45. Ms. Benjamin and Mr. Oliver made these misstatements and omissions with the intention that the Plaintiff rely on said statements and omissions.

46. The Plaintiff reasonably relied on Ms. Benjamin and Mr. Oliver's misstatements and omissions to her detriment.

47. As a direct and proximate result of Ms. Benjamin and Mr. Oliver's misstatements and omissions, the Plaintiff has suffered, and continues to suffer significant financial injury.

**WHEREFORE**, as to Count II, Plaintiff seeks monetary damages in an amount to be determined at trial, plus post judgment statutory interest from date to judgment and continuing, reimbursement for Plaintiff's court costs, sheriff's fees and reasonable attorney fees.

## COUNT III
### UNJUST ENRICHMENT / QUANTUM MERUIT

48. Paragraphs one through forty-three are incorporated herein by reference.

49. The Plaintiff conferred a benefit upon Ms. Benjamin and Mr. Oliver.

50. The actions and efforts of the Plaintiff unequivocally and directly benefitted Mr. Benjamin and Mr. Oliver.

51. Mr. Benjamin and Mr. Oliver appreciated this benefit.

52. Mr. Benjamin and Mr. Oliver's retention of the benefit to the express detriment of the Plaintiff would be wholly inequitable

**WHEREFORE**, as to Count III, Plaintiff seeks monetary damages in an amount to be determined at trial, plus post judgment statutory interest from date to judgment and continuing, reimbursement for Plaintiff's court costs, sheriff's fees and reasonable attorney fees.

**COUNT IV**
**DECLARATORY JUDGMENT AND RESCISSION OF THE NOTE**

53. Paragraphs one through forty-three are incorporated herein by reference.

54. The Plaintiff prays that this Honorable Court exercise its equitable powers by entering an order declaring that the Note, specifically its inclusion of the Plaintiff as a co-signer, was the result of fraud and further enter an order rescinding the Note as to the Plaintiff.

55. The Plaintiff prays that this Honorable Court exercise its equitable powers by entering an order declaring that the Note, specifically its inclusion of the Plaintiff as a co-signer, was the result of fraud and further enter an order declaring that the Note is null and void as to the Plaintiff.

**WHEREFORE**, as to Count IV, Plaintiff seeks an order of the Court declaring that the Note, specifically its inclusion of the Plaintiff as a co-signer, was the result of fraud and further enter an order rescinding the Note as to the Plaintiff and/or further enter an order declaring that the Note is null and void as to the Plaintiff.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff, Vanessa F. Jean, hereby prays for the following relief:

1. That on Count I, the Court enters and a Judgement and award monetary damages in an amount to be determined at trial, plus post judgment statutory interest from date to judgment and continuing, reimbursement for Plaintiff's court costs, sheriff's fees and reasonable attorney fees;

2. That on Count II, the Court enters and a Judgement and award monetary damages in an amount to be determined at trial, plus post judgment statutory interest from date to judgment and continuing, reimbursement for Plaintiff's court costs, sheriff's fees and reasonable attorney fees;

3. That on Count III, the Court enters and a Judgement and award monetary damages in an amount to be determined at trial, plus post judgment statutory interest from date to judgment and continuing, reimbursement for Plaintiff's court costs, sheriff's fees and reasonable attorney fees;

4. That on Count IV, the Court enters an order and declaring that the Note, specifically its inclusion of the Plaintiff as a co-signer, was the result of fraud and further enter an order rescinding the Note as to the Plaintiff and/or further enter an order declaring that the Note is null and void as to the Plaintiff; and

5. That this Honorable Court take any and actions it deems necessary and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on each claim asserted or hereafter asserted in the Complaint, and on each defense asserted or hereafter asserted by any Defendant.

Respectfully submitted,
PLAINTIFF,
By his Attorney,


Thomas J. Cleary, Esq. (669296)
Peter G. Thomas, Esq. (698402)
COHEN CLEARY, P.C.
10 Commerce Way, Ste. 4,
Raynham, MA 02767
Tel: (508) 880-6677
pthomas@cohencleary.com

Dated: 9/14/2.

## COMMONWEALTH OF MASSACHUSETTS
### THE TRIAL COURT
### DISTRICT COURT DEPARTMENT

NORFOLK, SS.                                    DOCKET NO.: 2055CV000188

VANESSA F. JEAN,
      Plaintiff,

v.

GIANFRANCO C. OLIVER,                        **VERIFED COMPLAINT**
BEATRICE N. BENJAMIN, and SML,
CORP., d/b/a SALLIE MAE BANK, by and
through its Chief Executive Officer,
JONATHAN W. WITTER,
      Defendants.

## VERIFICATION

I, <u>Vanessa F. Jean</u>, do hereby declare that I have read the foregoing Verified Complaint and the contents thereof. The same is true and that no material facts have been omitted therefrom as per my personal knowledge except to those matters that are alleged on information and belief and as to those matters, I believe them to be true.

I declare under the pains and penalties of perjury that the foregoing is true and correct and that this declaration was executed on this 5th day of September, 2020 in Bristol County, Massachusetts.

_____
Vanessa F. Jean
735 Randolph Street, Apt. 9C,
Canton MA 02021

VANESSA F. JEAN,

v.

GIANFRANCO C. OLIVER,

BEATRICE N. BENJAMIN, and SML, CORP.,
d/b/a SALLIE MAE BANK, by and through its
Chief Executive Officer, JONATHAN W.
WITTER,

# EXHIBIT A

Rev#: 01

## Private Education Loan

### Final Disclosure — Career Training Smart Option Student Loan

Page 1 of 2

Application ID: 10316103602
Account Number: ▮▮▮▮3741
Date: 10/24/2016

| **BORROWER:** | **COSIGNER:** | **CREDITOR:** |
|---|---|---|
| GIANFRANCO C OLIVIER | VANESSA JEAN | Sallie Mae Bank |
| 46 PROSPECT AVE | 75 RANDOLPH ST APT 9C | P.O. Box 3319 |
| NORWALK, CT 06850-3738 | CANTON, MA 02021-1323 | Wilmington, DE 19804-4319 |

<table>
<tr><td colspan="2"><strong>RIGHT TO CANCEL</strong></td></tr>
<tr><td colspan="2">You have a right to cancel this transaction, without penalty, by midnight on 11/01/2016. No funds will be disbursed to you or to your school until after this time. You may cancel by logging into your online account at https://salliemae.com/activitycenter or by calling us at (877) 279-7172.</td></tr>
</table>

## Loan Rates & Estimated Total Costs

| Total Loan Amount | Interest Rate | Finance Charge | Total of Payments |
|---|---|---|---|
| **$34,923.00** | **12.125%** | **$49,673.95** | **$84,596.95** |
| The total amount you are borrowing. | Your current interest rate. | The estimated dollar amount the credit will cost you. | The estimated amount you will have paid when you have made all payments. |

### ITEMIZATION OF AMOUNT FINANCED

| Amount paid to you | $0.00 |
|---|---|
| Amount paid to others on your behalf:<br>INTERNATIONAL CULINARY CENTER | +<br>$34,923.00 |
| Amount Financed<br>(total amount provided) | =<br>$34,923.00 |
| Initial finance charges<br>(total)<br>• Disbursement Fee<br>  $0.00<br>• Application Fee<br>  $0.00 | +<br>$0.00 |
| Total Loan Amount | =<br>$34,923.00 |

### ABOUT YOUR INTEREST RATE

• Your rate is variable. This means that your actual rate varies with the market and could be lower or higher than the rate on this form. The variable rate is based upon the one-month LIBOR Rate (as published by Reuters on its Reuters Screen LIBOR01). For more information on this rate, see Reference Notes.

• Although your rate will vary, it will never exceed 25.000% (the maximum allowable for this loan).

• Your Annual Percentage Rate (APR) is 12.025%. The APR is typically different than the interest Rate since it considers fees and reflects the cost of your loan as a yearly rate. For more information about the APR, see Reference Notes.

### FEES
• Late Fee: 5.000% of the amount of the past due payment, up to a maximum of $25.
• Returned Check Fee: up to $20.00.
• Fee when you begin repaying the loan: 0.000% of the loan balance.

## Estimated Repayment Schedule & Terms

| 192 Month Loan Term | MONTHLY PAYMENTS | | Actual number of monthly payments may vary at maximum rate. |
|---|---|---|---|
| | at 12.125%<br>the current interest rate of your loan | at 25.000% the maximum interest rate possible for your loan | |
| 12/07/2016 - 11/07/2017<br>12 monthly payments | $25.00 | $25.00 | The estimated Total of Payments at the Maximum Rate of interest would be $161,493.20. |
| 12/07/2017 - 10/07/2032<br>179 monthly payments | $470.73 | $930.38 | |
| 11/07/2032 - 11/07/2032<br>1 monthly payments | $36.28 | $237.46 | |

SEE BACK OF PAGE

LPXSCT1609v01

7FNS1609

Rev#: 01

Page 2 of 2

## REFERENCE NOTES

**Variable Interest Rate**
• Your loan has a variable Interest Rate that is based on a publicly available index, the one-month London Interbank Offered Rate (LIBOR) rounded up to the nearest one-eighth of one percent (0.175%), which is currently 0.625%. Your rate is calculated each month by adding a margin of 11.500% to the LIBOR rounded up to the nearest one-eighth of one percent (0.125%).

• The Interest Rate may be higher or lower than your Annual Percentage Rate (APR) because the APR considers certain fees you pay to obtain this loan, the Interest Rate, and whether you defer (postpone) payments while in school.

• The rate will not increase more than once a month, but there is no limit on the amount that the rate could increase at one time. Your rate will never exceed 25.000%.

• If the Interest Rate increases your monthly payments will be higher and, depending on the Total Loan Amount, the number of monthly payments may increase.

**Bankruptcy Limitations**
• If you file for bankruptcy you may still be required to pay back this loan.

**Repayment Options**
• This loan requires fixed monthly payments of $25.00 while you are in school and for a separation period of 6 billing periods thereafter. You can make larger payments during these periods. More information about repayment deferral or forbearance options is available in your Promissory Note.

**Prepayments:**
• If you pay the loan off early, you will not have to pay a penalty. You will not be entitled to a refund of part of the finance charge.

See your Promissory Note for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

Please note, Monthly Payments are referred to as "Current Amount Due" on the Promissory Note and in other correspondence

LPXSCT1609v01

7FNS1609

Career Training Smart Option Student Loan  Application Promissory Note    Loan Request ID: 103363036-02

## Cosigner Information

First Name: VANESSA        Middle Initial: N/A        Last Name: JEAN
SSN:                       Date of Birth:             Citizenship: US Citizen
Email Address:      @yahoo.com
Relationship to Student: Other

### Permanent Address & Telephone Numbers

Address Line 1: 75 RANDOLPH ST APT 9C                    City: CANTON
Address Line 2: N/A                                      State: MA        ZIP Code: 02021-1323
Years at Permanent Address: 6          Is Current Mailing Address different from Permanent Address: Yes
Primary Phone Number:     4671    Type: Cell    Secondary Phone Number: N/A        Type: N/A

### Current Mailing Address

Address Line 1: 75 Randolph St Apt 9C                    City:  Canton
Address Line 2: N/A                                      State: MA        ZIP Code: 02021-1323

### Current International Mailing Address

Address Line 1: 75 Randolph St Apt 9C
Address Line 2: N/A
Address Line 3: N/A                                      Country Code: N/A

### Previous Address

Address Line 1: N/A                                      City: N/A
Address Line 2: N/A                                      State: N/A        ZIP Code: N/A

### Employment Information

Employment Status: EmployedFT        Current Employer Name: Hebrew Rehab
Occupation: MedicalTech              Length of Time at Current Employer: 4            Years
Work Phone Number:      3220         Ext: N/A

### Financial Information

Gross Annual Income: $82,654.00     Residence Type: Rent        Monthly Mortgage/Rent Amount: 1652.00
Source of Additional Income: N/A                  Annual Gross Amount: N/A
Source of Additional Household Income: N/A        Annual Gross Amount: N/A
Do you have:   Checking account?: No      Savings account?: No      CD and/or Money Market Account?: No
               Checking Amount: N/A       Savings Amount: N/A       CD/Money Market Amount: N/A

### Personal Contacts

#: 1     First Name: N/A                          Last Name: N/A
Primary Phone Number: N/A                         Relationship to Cosigner: N/A
Address Line 1: N/A                               City: N/A
Address Line 2: N/A                               State: N/A        ZIP N/A

#: 2     First Name: N/A                          Last Name: N/A
Primary Phone Number: N/A                         Relationship to Cosigner: N/A
Address Line 1: N/A                               City: N/A
Address Line 2: N/A                               State: N/A        ZIP N/A

Career Training Smart Option Student Loan **Application Promissory Note**     Loan Request ID: 103363036-02

**Loan Request Information**

*School & Student Information*

Student/Borrower Name: GIANFRANCO C OLIVIER                    Borrower SSN: ▮▮ 3384

School Name: INTERNATIONAL CULINARY CENTER          City: NEW YORK                          State: NY

Requested Loan Amount: $35,023.00

*Lender Information*

Lender: Sallie Mae Bank                    City: Salt Lake City          State: UT    Lender Code: 900905

**Declaration**

CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT
NOTICE TO CUSTOMER (a) DO NOT SIGN THIS BEFORE YOU READ THE PROMISSORY NOTE EVEN IF OTHERWISE ADVISED. (b)
DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES. (c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU
SIGN. (d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE UNDER THIS AGREEMENT AND YOU
MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note accompanying this
application and each applicable Notice to Cosigner and agree to the terms therein. I understand and agree that you may obtain a consumer credit report in
connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application.

Cosigner
Signature   VANESSA JEAN
_____ (seal)    Date_ 10/20/2016

6E565CDDDBFA4EC361A1F5953B3D7CAC

# Career Training Smart Option Student Loan
## PROMISSORY NOTE 3SCL1609/3SOL1609

Key terms are defined throughout this Promissory Note ("Note") or in the Definitions on page 6. Read all your loan documents, including Definitions on page 6, Federal and State Notices on page 8, and Arbitration Agreement beginning on page 9, before signing this Note.

LENDER: Sallie Mae Bank

Salt Lake City, UT

---

This Note sets forth the terms of your loan. The Final Disclosure ("Disclosure") that we will send you before any funds are disbursed will also be part of this Note. Keep a copy for your records. Our contact information is on page 6.

| WHEN BOUND | |
|---|---|
| | You have a right to cancel as explained in the Disclosure. We do not agree to make a loan to you on these terms until your right to cancel has expired. You agree to these terms if you do not cancel by following the instructions in the Disclosure. You may, however, reject the Arbitration Agreement, as explained on page 9. |
| **PROMISE TO PAY** | |
| | You promise to pay us (1) the amount we lend you, (2) the interest and fees that accrue on that amount or on any Capitalized amount, and (3) if you default, reasonable attorneys' fees, collection agency fees, court costs, and other collection costs, unless prohibited by law. |
| **YOUR LOAN** | |
| Educational Expenses | You agree that your loan will be used solely to pay qualified higher education expenses of Student at the School. You acknowledge and authorize that your loan amount proceeds may be transmitted directly to the School. |
| Borrower and Cosigner | If your loan has a borrower and a cosigner:<br>• each of you is liable individually and jointly for this loan,<br>• the release of liability of one of you does not affect the liability of the other,<br>• we may sue either of you to collect on this loan, in any order we wish, without losing our right to collect from the other, and<br>• any communication we have with either of you will be binding on both of you, any notice we mail to an address provided by either of you will serve as notice to both of you, and any modification we agree to with either of you will be binding on both of you. |
| **INTEREST** | |
| | • The Disclosure will tell you if you have a Fixed Rate or a Variable Rate.<br>• Interest will accrue at that Fixed Rate or Variable Rate on the Current Principal, including Capitalized amounts, beginning on the First Disbursement Date (the date shown on the loan check or the date the loan funds are electronically transmitted to the school) and continuing until the loan is paid in full.<br>• If your loan has a Variable Rate, then the interest rate will be determined by adding the number of percentage points we specify on the Disclosure (the "margin") to the one-month LIBOR rate rounded up to the nearest one-eighth of one percent (0.125%) (the "index").<br>• A Variable Rate may go up or down due to an increase or decrease in the loan's index but will never be less than the margin even if the index is less than zero percent. A Fixed Rate stays the same for the life of the loan.<br>• Rate changes take place on the 25th of each month or the next New York business day (the "Change Date") using the one-month LIBOR rate reported at least two New York and London business days prior to the Change Date. We get the one-month LIBOR rate published by Reuters. If the rate is not available there, we can use another source or comparable index. |
| **FEES** | |
| Late Fee | You will pay a Late Fee if you do not pay the Current Amount Due (and Past Due Amount, if any) within 15 days after the Current Amount Due Date. The amount of the Late Fee will be identified on the Disclosure. |
| Returned Check Fee | You will pay a Returned Check Fee for each payment you make that is returned or refused. The amount of the Returned Check Fee will be identified on the Disclosure. You will pay the Returned Check Fee even if your payment is not in the form of a check. |
| Fees for Optional Services | You will pay a fee, which we will disclose to you in advance for any optional service we agree to provide. Such services may include, among other things, expediting payments and delivering documents by express courier. |

© 2016 Sallie Mae Bank  All rights reserved.

## MAKING PAYMENTS

| | |
|---|---|
| **Payment Instructions** | • You must pay us in U.S. dollars with no deduction for currency exchange. All payments must be drawn on funds on deposit in the U.S.<br><br>• You must pay the Current Amount Due by the Current Amount Due Date each month and any Past Due Amount immediately even if we fail to tell you that you have a Past Due Amount, you fail to receive a billing statement, or any automatic debit fails. |
| **Repayment Schedule** | • The Disclosure will have the Estimated Repayment Schedule & Terms ("Estimated Repayment Schedule") for your loan, which includes the estimated Current Amount Due you will be required to pay each month (these estimates are referred to as Monthly Payments in the Estimated Repayment Schedule).<br>• The Estimated Repayment Schedule will assume that the interest rate does not change, that Student graduates on time or has already graduated, and that you pay the Current Amount Due by the Current Amount Due Date each month.<br><br>• The Current Amount Due you will be required to pay each month may differ from the amounts shown in the Estimated Repayment Schedule. This could happen if, for example, Student fails to meet enrollment requirements (contact us for details), leaves school earlier or later than anticipated, you do not pay the Current Amount Due on the Current Amount Due Date each month, your interest rate changes, or your payments are ever postponed or modified.<br><br>• When the Interim Period (if applicable) ends six months after Student graduates or no longer meets enrollment requirements, the Current Amount Due you will be required to pay each month will increase and consist of principal and interest payments. Beginning at that time, the Current Amount Due you will be required to pay each month can never be less than  $50 per month or the Current Balance, whichever is less.<br><br>• We may send you a billing statement each month showing the Current Amount Due and Current Amount Due Date . Your billing statement may reflect information for multiple loans if you have more than one loan being serviced by us. This information may also be available online. |
| **Graduated Repayment Period ("GRP")** | • GRP is available for this loan if Student is attending a degree-granting institution.<br>• You may request GRP only during the two billing periods immediately preceding and the two billing periods immediately after the end of the Interim Period.<br>• To be eligible, Student must graduate from a degree-granting institution. Students who withdraw without graduating then later return to school after the Interim Period are not eligible for GRP, even if they subsequently graduate.<br>• At the time of your request, this loan must be current, and you must not be more than 30 days delinquent on any loan owned or serviced by us.<br>• If we, in our sole discretion, permit GRP, the Current Amount Due you will be required to pay each month during the 12-month GRP will consist of interest-only payments.<br>• If you are granted Deferment or Forbearance at any time during the 12-month GRP, you will forfeit your remaining months of eligibility. (See "POSTPONING PAYMENTS" section below for more information on Deferment and Forbearance.)<br>• GRP does not extend the loan term and causes the Current Amount Due you will be required to pay each month after the GRP to be higher than it otherwise would have been without the GRP. The Total Loan Cost also increases.<br>• If we grant your request, we will notify you in writing of your new repayment terms. |
| **Late Payments, Partial Payments, Payments in Full** | • We can accept late payments, partial payments or payments marked "payment in full" or with any other restrictive endorsement without losing any of our rights under this Note.<br><br>• **If you want to make a payment in satisfaction of a disputed amount or balance, send it to Sallie Mae, P.O. Box 3228, Wilmington, DE  19804-0228 with a written explanation.** |
| **Right to Prepay and Pay Ahead Feature** | • You may pay all or any part of your loan at any time without penalty, but you will not be entitled to a refund of any fees.<br>• If you prepay any part of your loan, the amount you pay will be applied first to Unpaid Fees and costs, then to Unpaid Interest, and then to Current Principal.<br>• Any payment in excess of the Total Amount Due will reduce the Current Amount Due you will be required to pay in the following month(s). This pay ahead feature will apply to this loan unless you contact us to request we remove this feature from this loan. |

© 2016 Sallie Mae Bank. All rights reserved.

| | |
|---|---|
| **How We Allocate and Apply Payments** | • If you have more than one loan and your payment is received with the remittance slip on your billing statement, we will automatically allocate your payment to all of the loans in that Loan Group as follows:<br>    o  If your payment is less than the Past Due Amount, loans at the oldest delinquency level will be paid first. Once all of the loans are at the same delinquency level, the remaining payment amount will be prorated according to each loan's remaining Past Due Amount within that group delinquency level. This results in the delinquency level being the same for each loan in the group.<br>    o  If your payment is greater than the Past Due Amount, but not enough to also satisfy the Current Amount Due, the Past Due Amount will be paid first and the remaining payment amount will be prorated based on each loan's Current Amount Due.<br>    o  If your payment is greater than the sum of the Past Due Amount and Current Amount Due, the Past Due Amount and Current Amount Due will be paid first, and the remaining payment amount will be prorated based on each loan's Current Balance as of the date the payment is received less the Past Due Amount and Current Amount Due paid.<br>    o  If there is no Total Amount Due, your payment will be prorated based on each loan's Current Balance as of the date the payment is received.<br>• If your payment is received without a remittance slip or instructions, it will be allocated as described above across all of your loans that have the same payment address to which you mailed your payment.<br>• We reserve the right to change our Payment Allocation method, but we will provide notice to you if we do so.<br>• Payment Application: we apply payments to this loan first to Unpaid Fees and costs, then to Unpaid Interest, and then to Current Principal.<br>• More information about how we allocate and apply payments can be found either on your billing statement, at SallieMae.com, or by contacting the loan servicer. |
| **Failure to Complete or Dissatisfaction with Education Program** | Except as provided in this Note, you must repay this loan even if:<br>• Student does not complete the educational program paid for with this loan,<br>• Student cannot obtain employment, or<br>• You are dissatisfied with the educational program paid for with this loan.<br>We do not vouch for or warrant the quality or suitability of any educational program. |
| **School Refunds** | You authorize the School and any third party acting for the School to pay us any refund for any loan amounts that exceed the educational expenses of Student and any other refund that may be due to you.. We will credit any such refunds to the Current Balance without changing the Current Amount Due Date. |
| **POSTPONING PAYMENTS** | |
| **Deferment** | You can ask us to postpone or reduce payments if Student returns to school at least half time or enrolls in a residency or internship program after the Interim Period. This type of postponement is called a "Deferment". If your Deferment request is granted, the Current Amount Due you will be required to pay each month during the Deferment period will reflect the same repayment option that applied to your loan during the Interim Period. We may also postpone or reduce your payments, even if you have not asked us to do so, if Student returns to school at least half time. |
| **Forbearance** | You can also ask us to postpone payments because of a temporary hardship that you suffer ("Hardship Forbearance"). We may require you to make a good faith payment to obtain a Hardship Forbearance (even if your request is not granted), but we will tell you in advance if we do. We may also postpone payments at our discretion due to special circumstances, including but not limited to your military service, natural disasters, or administrative purposes. We will tell you if any amounts will be Capitalized. |
| **General Terms for Deferment and Hardship Forbearance** | Contact us to request a Deferment or Hardship Forbearance.<br>• You must continue to pay the Current Amount Due by the Current Amount Due Date each month while we process your request.<br>• If we approve your request, we will tell you how long we will postpone payments and whether you have to make any other payments in the meantime.<br>• We will also tell you if any amounts will be Capitalized. |

© 2016 Sallie Mae Bank  All rights reserved.

## WAIVING PAYMENTS

You or Student's representative can ask us to waive the Current Balance of this loan if Student (but not anyone else) dies or becomes totally and permanently disabled. Totally and permanently disabled means the inability to work in any occupation due to a condition that is expected to be permanent and that began or deteriorated after the date of the Disclosure. Contact us to make a request.

- You or Student's representative must provide a death certificate (death) or a physician's statement (disability) and such other information or documentation as we require.

- If Student dies, we will not require you to pay the Current Amount Due by the Current Amount Due Date each month from the time we receive your request to the time we receive and process the documents we require or until we reasonably determine the documents we require will not be provided.

- If Student becomes totally and permanently disabled, we will send you a waiver application. We will not require you to pay the Current Amount Due by the Current Amount Due Date each month from the time that we receive the completed waiver application to the time we make a final decision.

- If we deny your request, you will have to resume paying the Current Amount Due by the Current Amount Due Date each month.

- If we grant your request, you or Student's estate must pay us any refund received from the School up to the Current Balance. If you do not do so, we may declare your loan in default and collect the refund plus Unpaid Fees, Unpaid Interest and costs from you or Student's estate.

## OUR RIGHT TO CANCEL

| | |
|---|---|
| **Our Right to Cancel This Note** | We can cancel this Note and all disbursements without telling you in advance if the Disclosure is returned as undeliverable, Student does not attend the School, or we reasonably conclude that you no longer need the loan. |
| **Our Right to Cancel Any Future Disbursement** | We can cancel any future disbursement without telling you in advance if:<br>• Student fails to meet enrollment requirements,<br>• you fail to comply with the terms of this Note,<br>• you make any false statement when you apply for this loan or at any time afterwards,<br>• you fail to pay the Current Amount Due by the Current Amount Due Date on this or any other loans owned or serviced by us,<br>• you tell us that you no longer need the loan or no longer wish to repay any amount not yet disbursed,<br>• the classes in which Student has enrolled have been canceled or delayed,<br>• you file for bankruptcy,<br>• the School ceases to be eligible to participate in this Loan Program, or<br>• we grant you a Hardship Forbearance.<br>Contact us if you have any questions about Student enrollment requirements or school eligibility requirements. |

## OTHER IMPORTANT INFORMATION

| | |
|---|---|
| **Jury Trial Waiver** | You acknowledge that the right to trial by jury is a constitutional right but may be waived in certain circumstances. To the extent permitted by law, you knowingly and voluntarily waive any right to trial by jury in the event of litigation arising out of or related to this Note. This jury trial waiver shall not affect or be interpreted as modifying in any fashion the Arbitration Agreement below, which has its own separate jury trial waiver. This waiver does not apply if you are a covered borrower under the Military Lending Act at the time this loan is originated. |
| **Conflict Between Note and Disclosure** | If there is a conflict between the terms of the Disclosure and the terms of this Note, the terms of the Disclosure shall apply with respect to items required to be disclosed under federal law. |
| **Modifications and Correction of Errors** | • We may modify this Note if jointly agreed upon in writing by either the borrower or cosigner and us. We will notify you if that happens. The modification of any part of the Note will not affect the validity or enforceability of the rest of the Note.<br>• We may modify the Disclosure, without sending you a new one or giving you a new right to cancel, if permitted by law. We are allowed to do this if the change is unequivocally beneficial to you or if we reduce the loan amount based on information we receive from you or the School.<br>• We may correct errors in the names or addresses in any of the loan documents. We do not need your signature to do so. We will notify you if that happens.<br>• You will cooperate with us to correct any other typographical, computer, calculation or clerical errors in any of the loan documents. We will send you a copy of the revised document. |

4

© 2016 Sallie Mae Bank. All rights reserved.

| | |
|---|---|
| **Default** | We may declare your loan in default if:<br>• you fail to comply with the terms of this Note, and that includes failing to pay the Current Amount Due by the Current Amount Due Date,<br>• you make any false statement when you apply for this loan or at any time afterwards, or<br>• you file for bankruptcy, even if there is no attempt to discharge this loan.<br>If this loan is in default, then after we provide you with any required notices and cure periods, we may declare the Current Balance immediately due and payable.<br>Idaho, Iowa, Kansas, Maine and South Carolina Residents Only: You will be in default if you fail to make a payment as required by this Note (or within 10 days of the time required by, for Iowa residents) or if the prospect of your payment or performance is significantly impaired (for Iowa residents, if, following an event of default, the prospect of your payment is materially impaired). We have the burden of establishing the prospect of such impairment.<br>Wisconsin Residents Only: You will be in default (a) if you permit to be outstanding an amount exceeding one full payment which has remained unpaid for more than 10 days after its scheduled due date or deferred due date, or if you fail to pay the first payment or last payment within 40 days of its scheduled due date or deferred due date or (b) if you fail to observe any other provision of this Note, the breach of which materially impairs your ability to pay the amounts due under the Note. |
| **Signatures and Photocopy of Note** | Your signature on your loan application is binding even if you only send us a photocopy, facsimile, electronic, or other copy of the signature page. A photocopy, facsimile, electronic, or other copy of this Note is just as binding on you as the original. |
| **Bankruptcy** | This loan may not be dischargeable in bankruptcy. Any communication about any bankruptcy must be in writing, include your loan number, and be sent to our contact address listed under CONTACT US below. |
| **Collection Costs** | Unless prohibited by law, we may charge you all amounts, including reasonable attorneys' fees, collection agency fees, court costs (including fees and costs in an appellate or bankruptcy proceeding) and other collection costs that we incur in enforcing the terms of this Note. |
| **Privacy** | • The School and any custodian of its records may certify Student's eligibility for this loan and may release to us any information we request that is pertinent to this loan.<br>• We may check your credit, employment and income records, and request and receive from others credit-related information about you, for this loan, and any reviews, updates, extensions or other modifications of this loan.<br>• You consent to our sharing credit and other information about you with credit reporting agencies, the School, other schools Student attends or has attended and their agents, any subsequent holder of this Note, anyone who referred you to us, anyone who you notify us is eligible to receive information about this loan, and anyone as necessary to originate this loan or to service this loan or to fulfill and administer benefits offered with this loan, as permitted by law. If your loan has a borrower and a cosigner, you consent to our sharing credit and other information about one of you with the other.<br>• We may contact any references or personal contacts that you provide to us to enforce your obligations under this Note, as permitted by law.<br>• We will provide you privacy and affiliate-sharing notices to advise you of your rights under applicable law. |
| **Our Communications with You** | You expressly consent and authorize us to contact you at any email address that you provide in the loan application or that you provide to us in the future regarding your current or future loan applications and loans that we own or service.<br>**You expressly consent and authorize us and our subsidiaries, affiliates and agents, to contact you at any phone number that you provide in the loan application or that you provide to us in the future using an auto dialer, pre-recorded messages, or text messages in order to provide alerts and other information regarding your current or future loan applications and loans that we own or service.** |
| **Governing Law and Statute of Limitations** | The Lender is located in the State listed for the Lender on page 1 in the introductory paragraph of this Note and this Note will be entered into in the same State. Consequently, the provisions of this Note will be governed by federal laws and the laws of that State to the extent not preempted, without regard to conflict of law rules. However, the applicable statute of limitations period for all purposes under this Note (including the right to collect a debt) will be the longer period provided by the law of the State where the Lender is located or the jurisdiction where you live. |
| **Severability** | This Note is the final expression of the agreement between you and us and it may not be contradicted by evidence of an alleged oral agreement.<br>If in any proceeding in which a law that applies to this loan is finally interpreted so that<br>• any part of this Note is found to be invalid, then the rest of it will still remain in effect.<br>• any part of this Note that authorizes interest, fees, or costs is found to be invalid, then (1) the amounts authorized will be reduced to the maximum permitted amounts and (2) any sums you paid that exceeded permitted amounts will be refunded to you or credited to your loan without changing the Current Amount Due Date. |

5

© 2016 Sallie Mae Bank. All rights reserved

| Waivers | You waive the rights of presentment (demand for payment) and notice of dishonor (notice that amounts have not been paid). You consent to any and all extensions, renewals, or releases of any party liable upon this loan, and to any waiver, forbearance or deferment we may grant. |
| | We may delay enforcing or not enforce any of our rights under this Note without losing or waiving any of them. |
| Assignment | We may sell, assign, or transfer this Note at any time without notice to you. If we do, the assignee will own this Note and can enforce it against you. You may not sell, assign or transfer this Note or any of its benefits or obligations. |

## CONTACT US

Unless we tell you otherwise, you can contact or notify us:
- by phone at 1-800-472-5543 or
- by writing to Sallie Mae, P.O. Box 3319, Wilmington, DE 19804-4319.

When writing, please include your name, address, home phone number and loan number.

You must contact us within 10 days after (1) changing your name, email address, mailing address, or any phone number, (2) Student or cosigner dies, or (3) any change in Student's enrollment status.

We reserve the right to update any P.O. Box address or telephone number provided in this Note but we will provide notice to you if we do so.

## DEFINITIONS

| Capitalized | "Capitalized" means added to the Current Principal of the loan. Unpaid Interest, Unpaid Fees, and costs due and not yet paid may be Capitalized as provided in this Note. For example, if you selected a Fixed Payment or Deferred Payment during the Interim Period as provided in this Note, then we will Capitalize Unpaid Interest at the end of the Interim Period. Capitalization increases the Total Loan Cost because interest accrues on the Current Principal. |
| Current Amount Due | "Current Amount Due" means the amount you are required to pay each month until this loan is paid in full. The Current Amount Due may vary each month. |
| Current Amount Due Date | "Current Amount Due Date" means the date by which you must pay the Current Amount Due each month. |
| Current Balance | "Current Balance" means the sum of the Unpaid Interest, Unpaid Fees, costs due and not paid, and Current Principal. |
| Current Principal | "Current Principal" means the sum of the unpaid disbursed amount borrowed plus the unpaid Disbursement Fee (if any), plus any other amounts that have Capitalized. |
| Interim Period | "Interim Period" begins on the First Disbursement Date of your loan, continues while Student attends School, and ends on the earliest of the following applicable dates: |
| | (a) approximately six months after Student graduates from the School; or |
| | (b) approximately six months after Student no longer meets enrollment requirements unless Student re-enrolls at least half-time in another eligible school within that approximate six-month period. |
| | If this loan is made after Student has already graduated or no longer meets enrollment requirements, the Interim Period will be calculated from the date of graduation or the date that enrollment ended, the Interim Period may be fewer than six months, or there may be no Interim Period and principal and interest payments may begin immediately. |
| Loan Group | If the borrower has multiple loans serviced by us, we may automatically place them into a "Loan Group". |
| Past Due Amount | "Past Due Amount" means the sum of the unpaid amounts of each Current Amount Due from any month you were required to but failed to pay the Current Amount Due. |
| Payment Allocation | "Payment Allocation" means how a payment is distributed across multiple loans. See "How We Allocate and Apply Payments" section above for more information. |
| Payment Application | "Payment Application" means once we allocate a payment to a specific loan, payments are applied first to Unpaid Fees and costs, then to Unpaid Interest, and then to Current Principal. |
| School | "School" means the school identified in the application. |
| Student | "Student" means the borrower whose educational expenses will be paid for with this loan. |
| Total Amount Due | "Total Amount Due" means the sum of the Past Due Amount, Current Amount Due, and Unpaid Fees. |
| Total Loan Cost | "Total Loan Cost" means the actual sum of all payments you will make to pay the loan in full. The Total Loan Cost may not be the same amount as the Total of Payments listed on the Estimated Repayment Schedule on the Disclosure. |
| Unpaid Fees | "Unpaid Fees" means the sum of any fees (e.g., Late Fees, Returned Check Fees) that have been assessed but not paid. |
| Unpaid Interest | "Unpaid Interest" means the interest that has accrued but not been paid. |

© 2016 Sallie Mae Bank. All rights reserved.

| You, Your, and Yours | "You," "your," and "yours" means the borrower and any cosigner who signed the application. |
| We, Us, and Our | "We," "us," and "our" means the Lender listed on page 1 of this Note, any subsequent holder of this Note, and any servicer or any agent acting on behalf of the Lender, any servicer or any subsequent holder. |

7

© 2016 Sallie Mae Bank  All rights reserved.

**NOTICES REQUIRED BY FEDERAL AND STATE LAW**

**IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT**

To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account. What this means for you: In applying for this education loan, we will ask for your name, address, date of birth, Social Security Number, and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

**NOTICE TO COSIGNER**

You are being asked to cosign this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you want to accept this responsibility and you can afford to pay if you have to.

The lender can collect this debt from you without first trying to collect from the borrower. The lender can use the same collection methods against you that can be used against the borrower, such as suing you. If this debt is ever in default, that fact will become a part of *your* credit record.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

This notice is not a part of the contract that makes you liable for the debt.

**NOTICE: Federal law provides important protections to members of the Armed Forces and their dependents relating to extensions of consumer credit. In general, the cost of consumer credit to a member of the Armed Forces and his or her dependent may not exceed an annual percentage rate of 36 percent. This rate must include, as applicable to the credit transaction or account: The costs associated with credit insurance premiums; fees for ancillary products sold in connection with the credit transaction; any application fee charged (other than certain application fees for specified credit transactions or accounts); and any participation fee charged (other than certain participation fee for a credit card account).**

You can obtain this information and a clear description of your payment obligation orally before the First Disbursement Date by calling 855-455-6972.

**NOTICE:** If you believe that any information that we have reported to a credit bureau is inaccurate, write to us at P.O. Box 3229, Wilmington, DE 19804-0229. In your letter, (i) provide your name and the loan number, (ii) identify the specific information that is being disputed, (iii) explain the basis for the dispute, and (iv) provide any supporting documentation you have that substantiates the basis of the dispute. If you believe that you have been the victim of identity theft, submit an identity theft report and affidavit to P.O. Box 3350, Wilmington, DE 19804-4350.

Late payments, missed payments, or other defaults on your account may be reflected in your credit bureau report.

The following notice only applies to loans to finance educational expenses at for-profit educational institutions or institutions otherwise subject to the FTC Holder Rule under 16 C.F.R. §433.2.

**NOTICE**

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

CERTIFICATION REGARDING FEDERAL LOAN OPTIONS: If this loan is being obtained through the Financial Aid Office of the School, then you certify that a School Financial Aid Officer made all disclosures to the Student regarding the available options under Title IV of the Federal Higher Education Act that are required by applicable law.

LOAN SALE NOTICE: Your loan may be sold. No sale will result in any change to the loan terms or in the loss of any advertised borrower benefits, which will continue subject to their original terms. However, loan terms and advertised borrower benefits may change if you consolidate your loans.

CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account.

CALIFORNIA AND UTAH RESIDENTS ONLY: A negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfil the terms of this Note.

NEW JERSEY RESIDENTS ONLY: The section headings of this Note are a table of contents and not contract terms. In this Note, (1) acts or practices by us that are or may be permitted by "applicable law" are permitted by New Jersey law and (2) acts or practices that may or will be taken by us unless prohibited by "applicable law" are permitted by New Jersey law.

NEW YORK, RHODE ISLAND AND VERMONT RESIDENTS ONLY: We may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. If you ask, we will tell you if we obtained such a report and, if so, the name and address of the agency that furnished the report. We may also obtain a consumer credit report in connection with the review or collection of any loan made to you as a result of this application or for other legitimate purposes related to such loans.

OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

VERMONT RESIDENTS ONLY: NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.

WISCONSIN RESIDENTS ONLY: If you are a married Wisconsin resident: (1) Your signature confirms that this loan obligation is being incurred in the interest of your marriage or family. (2) No provision of any marital property agreement, unilateral statement under §766.59 of the Wisconsin Statutes or court decree under §766.70 adversely affects our interest unless, prior to the time that the loan is approved, we are furnished with a copy of the marital property agreement, statement, or decree or have actual knowledge of the adverse provision. (3) Your spouse has actual knowledge that this credit is being extended to you and has waived the requirements of §766.58(3)(b) of the Wisconsin Statutes, as acknowledged by his or her signature on the Notice to Married Wisconsin Residents that you received with this Note.

8

© 2016 Sallie Mae Bank. All rights reserved.

**ARBITRATION AGREEMENT - This agreement does not apply if you are a covered borrower under the Military Lending Act at the time this loan is originated.**

To the extent permitted under federal law, you and we agree that either party may elect to arbitrate – and require the other party to arbitrate – any Claim under the following terms.

**1. RIGHT TO REJECT:** You may reject this Arbitration Agreement by mailing a personally signed rejection notice to P.O. Box 3227 Wilmington, DE 19804-0227 certified mail, return receipt requested, within 60 days after the date of your first disbursement of loan proceeds. Any Rejection Notice must include your name, address, telephone number and loan number. No other person may submit a rejection notice for you. If you send a rejection notice we will give you a credit for the standard cost of a letter sent by certified mail.

**2. IMPORTANT WAIVERS:** If you or we elect to arbitrate a Claim, YOU AND WE BOTH WAIVE THE RIGHT TO: (1) HAVE A COURT OR JURY DECIDE THE CLAIM; (2) PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION, WHETHER AS A CLASS REPRESENTATIVE, CLASS MEMBER OR OTHERWISE; (3) ACT AS A PRIVATE ATTORNEY GENERAL IN COURT OR IN ARBITRATION; OR (4) JOIN OR CONSOLIDATE CLAIM(S) WITH CLAIMS INVOLVING ANY OTHER PERSON IN COURT OR IN ARBITRATION. Other rights are more limited in arbitration than in court or are not available in arbitration. The waivers in subsections (2)-(4) above are called the "Class Action and Multi-Party Waivers." The arbitrator shall have no authority to conduct any arbitration inconsistent with the Class Action and Multi-Party Waivers.

**3. DEFINITIONS:** In this Arbitration Agreement, the following definitions will apply: "You," "your" and "yours" mean each and every borrower and cosigner on the Note; the Student on whose behalf the proceeds of the Note have been advanced; and the heirs, executors and assigns of all of the foregoing. "We," "us," "our" and "ours" mean the Lender listed on page 1 of this Note; any subsequent holder of this Note; any servicer or any agent acting on behalf of the Lender, any servicer or any subsequent holder; all of their parents, wholly or majority owned subsidiaries and affiliates; any predecessors, successors and assigns of these entities; and all officers, directors, employees, agents, controlling persons and representatives thereof. These terms also include any party named as a co-defendant with us in a Claim asserted by you, such as investors or potential investors, credit bureaus, credit insurance companies, closing agents, escrow agents, insurance agents, loan originators, rating agencies, loan servicers, debt collectors, loan guarantors, performance bond trustees, tuition recovery funds, the School, and any of the School's financial aid offices or officers. "Claimant" means the party who asserts or seeks to assert a Claim in a lawsuit or arbitration proceeding. "Administrator" means either the American Arbitration Association (the "AAA"), 335 Madison Avenue, New York, NY 10017, www.adr.org, or JAMS, 620 Eighth Avenue, 34th Floor, New York, NY 10018, www.jamsadr.com, provided that, if the Claimant seeks to assert a Claim in a class or multi-party basis, the Administrator must not have in place a formal or informal policy that is inconsistent with and purports to override the Class Action and Multi-Party Waivers set forth above (see Section 2). The Claimant will select the Administrator by filing a Claim with the Administrator of that party's choice. (If a Claimant files a lawsuit in court asserting Claim(s) that are subject to

arbitration and the other party files a motion to compel arbitration, which is granted, it will be up to the Claimant to commence the arbitration proceeding.) If for any reason the selected Administrator is unable or unwilling to serve or continue to serve as Administrator, the other company will serve as Administrator. If neither the AAA nor JAMS is able or willing to serve as Administrator, you and we will mutually agree upon an Administrator or arbitrator or the court will appoint the Administrator or arbitrator or arbitrators (in the case of a three-arbitrator panel provided for in Section 8, below), subject

to the limitations set forth above regarding the Class Action and Multi-Party Waivers.

**4. "CLAIM"** means any legal claim, dispute or controversy between you and us that arises from or relates in any way to this Note, including, but not limited to, any dispute arising before the date of this Arbitration Agreement and any dispute relating to: (1) the imposition or collection of principal, interest, attorneys' fees, collection costs or other fees relating to this Note; (2) other provisions of this Note; (3) any application, disclosure or other document relating in any way to this Note or the transactions evidenced by this Note; (4) any insurance or other service or product offered or made available by or through us in connection with this Note, and any associated fees; (5) our methods of soliciting your business; (6) our use or failure to protect any personal information you give us in connection with this Note; (7) your dealings with the School, the quality of the education the School provides, or any acts or omissions by the School; and (8) any documents, instruments, advertising or promotional materials that contain information about this Note or any associated insurance or other service or product. However, "Claim" does not include any individual action brought by you in small claims court or your state's equivalent court, unless such action is transferred, removed, or appealed to a different court. Also, "Claim" does not include disputes about the validity, enforceability, coverage or scope of this Arbitration Agreement or any part thereof (including, without limitation, this sentence, the Class Action and Multi-Party Waivers, or the last sentence in Section 11, captioned "Severability"); all such disputes are for a court and not an arbitrator to decide. Notwithstanding the foregoing, the term "Claim" includes any dispute about the validity or enforceability of this Note as a whole; any such Claim is for the arbitrator, not a court, to decide.

If there is an arbitration agreement in place (a "Prior Arbitration Agreement") governing a prior promissory note from you (a "Prior Note"), "Claim" also includes all disputes relating to the Prior Note to the same extent it would apply to disputes relating to this Note. If you do not reject this Arbitration Agreement, any such Claim will be governed by this Arbitration Agreement rather than the Prior Arbitration Agreement. If you reject this Arbitration Agreement, the Claim will be governed by the Prior Arbitration Agreement, provided that, if you never had the chance to reject the Prior Arbitration Agreement and no demand for arbitration has been previously made, your rejection of this Arbitration Agreement will also serve as your rejection of the Prior Arbitration Agreement.

**5. ELECTING OR REQUIRING ARBITRATION:** The Claimant may elect arbitration of a Claim by initiating an arbitration in accordance with the Administrator's rules. The other party may elect arbitration by giving written notice of an election to arbitrate. This notice may be given after a lawsuit has been filed and may be given in papers or motions in the lawsuit. If such a notice is given, the Claim shall be resolved by arbitration under this Arbitration Agreement and the applicable rules of the Administrator then in effect. It will be up to the Claimant to commence the arbitration proceeding. The arbitrator will be selected under the Administrator's rules, except that the arbitrator must be a lawyer with at least ten years of experience or a retired judge, unless you and we agree otherwise.

**6. LOCATION AND COSTS:** Any arbitration hearing that you attend will take place in a location that is reasonably near your residence or the School campus that you attended or in another location agreed to by you and us. We will consider (and generally honor) any good faith request to bear the fees charged by the Administrator and the arbitrator. We will pay the reasonable and actual expense of our attorneys, experts and witnesses, regardless of which party prevails in the arbitration, and we will pay all such reasonable and actual fees of yours if you prevail in an arbitration where you are the Claimant (even if we are not required to pay such fees under applicable law). We will also pay all such fees we are required to bear: (a) under

9

© 2016 Sallie Mae Bank. All rights reserved

applicable law; or (b) in order to enforce this Arbitration Agreement.

**7. DISCOVERY; GETTING INFORMATION:** Either party may obtain from the other party prior to the hearing any information available under the Administrator's rules or any relevant information the arbitrator determines should in fairness be made available.

**8. EFFECT OF ARBITRATION AWARD:** Any state or federal court with jurisdiction and venue may enter an order enforcing this Arbitration Agreement, enter judgment upon the arbitrator's award and/or take any action authorized under the Federal Arbitration Act, 9 U.S.C. §§1 et seq. (the "FAA"). For any arbitration-related proceedings in which courts are authorized to take actions under the FAA, each party hereto expressly consents to the non-exclusive jurisdiction and venue of any state court of general jurisdiction or any state court of equity that is reasonably convenient to you, provided that the parties to any such judicial proceeding shall have the right to initiate such proceeding in federal court or remove the proceeding to federal court if authorized to do so by applicable federal law. The arbitrator's award will be final and binding, except for: (1) any appeal right under the FAA; and (2) Claims involving more than $50,000. For Claims involving more than $50,000 (including claims where the cost of any requested injunctive or declaratory relief would potentially exceed $50,000), any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider de novo any aspect of the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Costs of any appeal will be governed by Section 6 above.

**9. GOVERNING LAW:** This Arbitration Agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA, and not by any state law concerning arbitration. The arbitrator shall follow applicable substantive law to the extent consistent with the FAA, applicable statutes of limitation and applicable privilege rules, and shall be authorized to award all remedies permitted by applicable substantive law, including, without limitation, compensatory, statutory and punitive damages (subject to constitutional limits that would apply in court), declaratory, injunctive and other equitable relief, and attorneys' fees and costs. Upon the timely request of either party, the arbitrator shall write a brief explanation of the basis of his or her award. The arbitrator will follow rules of procedure and evidence consistent with the FAA, this Arbitration Agreement and the Administrator's rules.

**10. SURVIVAL; PRIMACY:** This Arbitration Agreement shall survive your full payment of the Note; our sale, assignment or transfer of the Note; any legal proceeding to collect a debt owed by you; any bankruptcy or insolvency; any postponement of payments, waiver of payments or modification granted pursuant to the Note; any cancellation, or request for cancellation, of the Note or of any or all disbursements under the Note; and any change in the School enrollment status of the Student. In the event of any conflict or inconsistency between this Arbitration Agreement and the Administrator's rules or the Note, this Arbitration Agreement will govern.

**11. SEVERABILITY:** If any portion of this Arbitration Agreement cannot be enforced, the rest of the Arbitration Agreement will continue to apply, provided that the entire Arbitration Agreement (other than this sentence) shall be null and void with respect to any Claim asserted on a class, representative or multi-party basis if the Class Action and Multi-Party Waivers are held to be invalid, subject to any right to appeal such holding.

**12. NOTICE OF CLAIM; RIGHT TO RESOLVE; SPECIAL PAYMENT:** Prior to initiating, joining or participating in any judicial or arbitration proceeding, whether individually, as a class representative or participant or otherwise, regarding any Claim, the Claimant shall give the other party written notice of the Claim (a "Claim Notice") and a reasonable opportunity, not less than 30 days, to resolve the Claim. Any Claim Notice you send must include your name, address, telephone number and loan number. Any Claim Notice must explain the nature of the Claim and the relief that is demanded. You may only submit a Claim Notice on your own behalf and not on behalf of any other party. The Claimant must reasonably cooperate in providing any information about the Claim that the other party reasonably requests. If: (i) you submit a Claim Notice in accordance with this paragraph on your own behalf (and not on behalf of any other party); (ii) we refuse to provide the relief you request; and (iii) an arbitrator subsequently determines that you were entitled to such relief (or greater relief), the arbitrator shall award you at least $7,500 plus any arbitration fees and attorneys' fees and costs to which you may be entitled under this Arbitration Agreement or applicable law.

10

© 2016 Sallie Mae Bank  All rights reserved  CSP3413D

## NOTICE TO MARRIED WISCONSIN RESIDENTS

Spouses of married Wisconsin residents must read the Promissory note and then sign below to acknowledge having actual knowledge of the credit being extended under this Note and having waived the notice requirements of Wisconsin Statute Section 766.56(3)(b)

❑ Borrower Married
❑ Cosigner Married

_____
(Name of Wisconsin Borrower)

_____
(Social Security Number of Wisconsin Borrower)

_____
(Printed Name of Wisconsin Borrower's Spouse)

_____
(Signature of Wisconsin Borrower's Spouse)
(Date)

_____
(Name of Wisconsin Cosigner)

_____
(Social Security Number of Wisconsin Cosigner)

_____
(Printed Name of Wisconsin Cosigner's Spouse)

_____
(Signature of Wisconsin Cosigner's Spouse)
(Date)

_____
(Name of Loan Program)

_____
(Name of Lender)

Please sign, date, and return an original of this notice to:

**Sallie Mae• P.O. Box 3319• Wilmington, DE 19804-4319**

Loan Request ID: 103363036-02

WISPI410

VANESSA F. JEAN,

v.

GIANFRANCO C. OLIVER,

BEATRICE N. BENJAMIN, and SML, CORP.,
d/b/a SALLIE MAE BANK, by and through its
Chief Executive Officer, JONATHAN W.
WITTER,

# EXHIBIT B



**Canton Police Department**
**Incident Report**

Page: 1
09/16/2017

Incident #: 17-497-OF
Call #: 17-4662

Date/Time Reported: 09/15/2017 1058
Report Date/Time: 09/15/2017 1114
Status: Incident Open

Reporting Officer: Patrolman Michael Chin

Signature: _____

| # | SUSPECT(S) | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|
| 1 | OLIVIER, GIANFRANCO<br>9 LOUNDSBURY AVE<br>NORWALK CT 06851 | M | B | 23 | NOT AVAIL | 000-000-0000 |

Military Active Duty: N
BODY: NOT AVAIL.                    COMPLEXION: NOT AVAIL.
DOB: ███████                     PLACE OF BIRTH: NOT AVAIL.
LICENSE NUMBER: NOT AVAIL.          ETHNICITY: UNKNOWN

_____[CONTACT INFORMATION]_____

Home Phone        (Primary)        000-000-0000

| # | | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|
| 2 | BENJAMIN, BEATRICE<br>9 LOUNDSBURY AVE<br>NORWALK CT 06851 | F | B | 49 | NOT AVAIL | ████0240 |

Military Active Duty: N
BODY: NOT AVAIL.                    COMPLEXION: NOT AVAIL.
DOB: ███████                     PLACE OF BIRTH: NOT AVAIL.
LICENSE NUMBER: NOT AVAIL.          ETHNICITY: UNKNOWN

_____[CONTACT INFORMATION]_____

Home Phone        (Primary)        ███-0240
Home Phone                         000-000-0000

| # | OFFENSE(S) | | ATTEMPTED | TYPE |
|---|---|---|---|---|

LOCATION TYPE: Residence/Home/Apt./Condo    Zone: Northeast Sector
BLUE HILL VILLAGE
735 RANDOLPH ST
CANTON MA 02021

| 1 | IDENTITY FRAUD | | N | Misdemeanor |
|---|---|---|---|---|

266/37E               266        37E
OCCURRED: 09/15/2017   1058
SUSPECTED OF USING: Not Applicable

Incident #: 17-497-OF
Call #: 17-4662

| # | VICTIM(S) | SEX | RACE | AGE | SSN | PHONE |
|---|-----------|-----|------|-----|-----|-------|

1  JEAN, VANESSA                                    F    B    50                      ████ 4671
   735 RANDOLPH ST Apt. #9C
   CANTON MA 02021
   DOB: ████████
   ETHNICITY: Unknown
   RESIDENT STATUS: Resident
   VICTIM CONNECTED TO OFFENSE NUMBER(S): 1
   RELATION TO: OLIVIER GIANFRANCO              Acquaintance
   RELATION TO: BENJAMIN BEATRICE               Friend
   CONTACT INFORMATION:
   Home Phone      (Primary)      ████ 4671

| # | OTHER PROPERTIES | PROPERTY # | STATUS |
|---|------------------|-----------|--------|

1  FBI Case Reporting Requirement                      None

```
                    Canton Police Department                    Page: 1
                 NARRATIVE FOR PATROLMAN MICHAEL CHIN
        Ref: 17-497-OF
```

On Friday, September 15, 2017, at approximately 11:00am I was dispatched to return to the station to speak with a party in the lobby regarding identity fraud. Upon arrival, I spoke with JEAN, Vanessa (DOB: ███████) regarding a fraudulent student loan taken out in her name/co-signed. The loan is managed by Sallie Mae (Loan Number: ██████████5919). The loan of $34,923.00 was disbursed on 11/03/16 and has a current balance of $38,005.89. JEAN believes that her friend, BENJAMIN, Beatrice (DOB: ██████████) used her identity to take out the loan. JEAN believes that the loan is for BENJAMIN's son, OLIVIER, Gianfranco (DOB: ██████████). JEAN believes that her information was used to either take the loan out or co-sign for the loan because BENJAMIN has poor credit history and could not sign for the loan herself.